# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

TRACIE L. BILLINGS,              )
                                 )
    Plaintiff,          )
                                 )
v.                               )          Case No. CIV-18-900-STE
                                 )
ANDREW M. SAUL,                  )
Commissioner of the Social Security )
Administration,                  )
                                 )
    Defendant.          )

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

## I.      PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 26-44). The Appeals Council denied Plaintiff's request for

review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.  THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 24, 2016, her amended alleged onset date. (TR. 28). At step two, the ALJ determined that Ms. Billings had the following severe impairments: cardiovascular disease (mitral valve prolapse—mild to moderate concentric hypertrophy of the left ventricle other areas); degenerative disc disease/scoliosis; tremor, unspecified; obesity (around BMI of 30); inflammatory bowel disease; and anxiety disorder. (TR. 28-29). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 29).

At step four, the ALJ concluded that Ms. Billings could not perform her past relevant work, but retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 20 CFR 416.967(b) except the hypothetical individual can frequently stoop, occasionally kneel, crouch and crawl. The claimant can perform simple and some complex tasks with little or no complex independent planning.

(TR. 32, 42).

At step five, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could

perform. (TR. 101).[1] Given the limitations, the VE identified five jobs from the Dictionary of Occupational Titles. (TR. 43-44). The ALJ adopted the VE's testimony and concluded that Ms. Billings was not disabled at step five. (TR. 44).

## III.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, ___ F.3d. ___, 2020 WL 1057276, at *4 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence … is more than a mere scintilla … and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

---

[1] At the hearing, the ALJ modified the RFC from the ability to perform "simple and some complex tasks" to the ability to perform "simple and routine tasks." *See* TR. 101-102. Because the modified limitations were less demanding than the RFC written in the administrative decision, no error arises from the discrepancy.

## IV.    THE ADMINISTRATIVE LAW JUDGE'S DECISION SHOULD BE AFFIRMED

On December 1, 2019, Ms. Billings, appearing *pro se*, wrote a four-page letter which the Court has construed as her opening brief. *See* ECF Nos. 23 & 24. In the letter, Plaintiff states that she has "suffered unnecessarily since at least 2016" and has requested the Court to "back date and approve [her] disability[.]" (ECF No. 23:1, 4). In support, Plaintiff has referenced: (1) ailments which are currently affecting her and which began after the date of the ALJ's September 28, 2017 decision, and (2) ailments which had affected her at the time of the hearing. (ECF No. 23:1-4). Regarding the former, Plaintiff alleges:

- A current inability to perform daily activities;

- A current inability to drive a car or stand up and cut hair;

- Current inflammation in her abdomen;

- "Drastic sickness" which began in October 2019;

- Current rapid weight loss and an inability to absorb nutrients;

- Current "unimaginable" daily pain in her lower back and abdomen which is "severe and debilitating," unaffected by medication, and which makes it difficult for her to stand or walk since October 2019;

- An inability to eat and digest solid food without getting sick and experiencing pain in her stomach and back since October 2019;

- An inability to care for herself since approximately October 2019;

- Adrenal gland growth since mid-2018; and

- An inability to walk due to weakness since November 2019.

(ECF No. 23:1-4). But under the Social Security regulations, an application for either disability insurance benefits or supplemental security income only remains in effect until

the administrative law judge hearing decision is issued. *See* 20 C.F.R. §§404.620(a) & 416.330. Thus, any disability which Plaintiff attributes to ailments which occurred after September 28, 2017—the date of the ALJ's decision—would have no bearing on this Court's review of that decision. *See generally Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (noting that a federal court's review of the ALJ's decision is only "to determine whether the factual findings are supported by substantial evidence in the record *[at the time of the decision]* and whether the correct legal standards were applied.") (alterations and emphasis added).

In addition to her current ailments and those which have developed since 2019, Plaintiff also references other evidence—which either existed at the time of the hearing or which "continue[d] on from that date or before." (ECF No. 23:3). Although Ms. Billings does not specify "that date," the Court liberally construes Plaintiff's statement to reference the period of disability. According to Ms. Billings, during the relevant period, she suffered from:

- Pain in her neck and shoulders;

- Swollen, red, and burning hands;

- Red and burning feet;

- Uncontrolled blood pressure;

- Only "somewhat controlled" anxiety and depression;

- Migraine and cluster headaches;

- Lower back pain and muscle spasms;

- Scoliosis;

- Hypokalemia (low potassium);

- Stomach pain and cramping that radiates to the back and groin;

- Difficulty sleeping;

- Swelling in the knees, legs, and feet, making it difficult to stand;

- Anemia;

- low magnesium in her blood;

- lack of vitamins;

- hair loss; unexplained and sudden weight gain and weight loss;

- random swelling; and

- tremors.

(ECF No. 23:1, 3-4). Relying on her list of ailments, Plaintiff contends that she "truly believes that [she] had enough evidence" to support a finding of disability and requests the Court to "back date and approve [her] disability to the original date of July 2016." (ECF No. 23:1).

When a claimant appears *pro se*, the court liberally construes the claimant's submissions. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, the court is unable to address bare contentions made by a claimant who has failed to develop the factual and legal bases for her arguments. *See Threet v. Barnhart*, 353 F.3d 1185, 1190 (10th Cir. 2003) (declining to speculate on a claimant's behalf when argument on an issue is "insufficiently developed"). On judicial review, "it is not [the court's] role to shore up [a claimant's] argument for h[er]." *Chrismon v. Colvin*, 531 F. App'x 893, 896 (10th Cir. 2013) (citation omitted). In addition, the court evaluates a claimant's contentions in view

of the Tenth Circuit's admonition that "perfunctory complaints fail to frame and develop an issue sufficient to invoke [judicial] review." *Murrell v. Shalala*, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994).

Here, Plaintiff has failed to allege any specific legal error or argue that any specific portion of the ALJ's decision lacked substantial evidence. Instead, she has simply challenged the ALJ's decision, citing "evidence" which she believes supports a finding of disability. But the Court can "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d at 1201.

Although the Court is sympathetic to Ms. Billings' position as a *pro se* plaintiff, "the court cannot take on the responsibility of serving as the claimant's attorney in constructing arguments and searching the record." *Velasquez v. Astrue*, 301 F. App'x 778, 780 (10th Cir. 2008) (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)). Ultimately, Ms. Billings has: (1) failed to develop the factual and legal bases of her claims and (2) requested that the court re-weigh the evidence to reach a finding of disability. But as explained, the Court can neither develop Plaintiff's argument for her, nor reweigh the evidence. *See supra*. As a result, the Court affirms the Commissioner's decision. *See Velasquez v. Astrue*, 301 F. App'x at 779-780 (rejecting *pro se* plaintiff's argument which "simply contend[ed] the court incorrectly decided the facts, apparently by giving too little weight to [certain evidence] … [a]nd … quite bluntly ask[ed] that [the Court] outright approve her benefits application.").

**ORDER**

The Court has reviewed the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on April 6, 2020.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE